RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 09 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### _____ DIVISION

Ishmael Morgan
(Print your full name)

Plaintiff *pro se*,

v.

E.W Scripps Company
ION Media Networks
d/b/a Katz Networks

(Print full name of each defendant; an employer is usually the defendant)

Defendant(s).

CIVIL ACTION FILE NO.

1 : 24 -CV- 4569

(to be assigned by Clerk)

## *PRO SE* EMPLOYMENT DISCRIMINATION COMPLAINT FORM

### Claims and Jurisdiction

1. This employment discrimination lawsuit is brought under (check only those that apply):

   ✓  Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

   **NOTE**: To sue under Title VII, you generally must have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

Page 1 of 9

_____   Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute.

>    **NOTE**: To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

_____   Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.

>    **NOTE**: To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

_____   Other (describe) _____

_____

_____

_____

_____

2.  This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

## Parties

3. Plaintiff.   Print your full name and mailing address below:

   Name  Ishmae Morgan

   Address  3738 chateauguay Drive

4. Defendant(s).   Print below the name and address of each defendant listed on page 1 of this form:

   Name  E.W. Scipps Company

   Address  312 Walnut St., Suite 2800
   Cincinnati, OH 45202

   Name  ION Media Network d/b/a Katz Network

   Address  312 Walnut St., Suite 2800
   Cincinnati, OH 45202

   Name

   Address

## Location and Time

5. If the alleged discriminatory conduct occurred at a location <u>different</u> from the address provided for defendant(s), state where that discrimination occurred:

   3500 Piedmont Rd Northeast
   Atlanta, GA 30305

6. When did the alleged discrimination occur? (State date or time period)

   Atlanta, GA

   From September 16, 2021 to November 30, 2021

## Administrative Procedures

7. Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency?   ✓ Yes   ___ No

   If you checked "Yes," attach a copy of the charge to this complaint.

8. Have you received a Notice of Right-to-Sue letter from the EEOC?

   ✓ Yes   ___ No

   If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter: July 22nd 2024

9. If you are suing for **age discrimination**, check one of the following:

   _____ 60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

   _____ Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

10. If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

    \_\_\_\_ Yes          \_\_\_\_ No          \_✓\_ Not applicable, because I was not an employee of, or applicant with, a State agency.

    If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

    _____

    _____

    _____

    _____

11. If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

    \_\_\_\_ Yes          \_\_\_\_ No          \_✓\_ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

    If you checked "Yes," describe below what happened in that administrative process:

    _____

    _____

    _____

    _____

## Nature of the Case

12. The conduct complained about in this lawsuit involves (check only those that apply):

    \_\_\_\_ failure to hire me
    \_\_\_\_ failure to promote me
    \_\_\_\_ demotion
    \_\_\_\_ reduction in my wages
    \_\_\_\_ working under terms and conditions of employment that differed from similarly situated employees
    \_\_\_\_ harassment
    \_\_\_\_ retaliation
    √ termination of my employment
    \_\_\_\_ failure to accommodate my disability
    \_\_\_\_ other (please specify) _____

13. I believe that I was discriminated against because of (check only those that apply):

    √ my race or color, which is __Black__
    √ my religion, which is __Muslim__
    \_\_\_\_ my sex (gender), which is \_\_\_\_ male   \_\_\_\_ female
    \_\_\_\_ my national origin, which is _____
    \_\_\_\_ my age (my date of birth is _____ )
    \_\_\_\_ my disability or perceived disability, which is:

    \_\_\_\_ my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation

    \_\_\_\_ other (please specify) _____

14. Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved. Include any facts which show that the actions you are complaining about were discriminatory or retaliatory. Take time to organize your statements; you may use numbered paragraphs if you find that helpful. Do not make legal arguments or cite cases or statutes.

On or about September 16, 2021 My company E.W. Scripps Company, which is the parent company to ION Media Networks and Katz Networks implemented the COVID-19 vaccination policy. A employee at the time, I requested a religious accommodation to exempt me from the policy, because I am Muslim. My exemption was denied, and I was later fired December 1st, 2021 without a severance. After hearing about the EEOC, I reached out to them to investigate my claim. The EEOC uncovered that other employees who requested similar accommodation were allowed to stay on at the company, and employees who were asked to leave almost a year after me, who didn't get vaccinated were granted their full severances. Therefore determining that I was discriminated against by my former company E.W. Scripps Company. With the EEOC, myself and E.W. Scripps could not agree on a settlement resulting in me requesting the right to sue paperwork.

(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.)

15. Plaintiff ____ still works for defendant(s)
    ✓ no longer works for defendant(s) or was not hired

16. If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation? ____ Yes ____ No

    If you checked "Yes," please explain: _____
    _____
    _____
    _____
    _____

17. If your case goes to trial, it will be heard by a judge unless you elect a jury trial. Do you request a jury trial? ✓ Yes ____ No

## Request for Relief

As relief from the allegations of discrimination and/or retaliation stated above, plaintiff prays that the Court grant the following relief (check any that apply):

____ Defendant(s) be directed to _____

✓ Money damages (list amounts) __2 million dollars (2,000,000)__

✓ Costs and fees involved in litigating this case

____ Such other relief as my be appropriate

Page 8 of 9

## PLEASE READ BEFORE SIGNING THIS COMPLAINT

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this __9__ day of __October__, 20__24__

_____
(Signature of plaintiff *pro se*)

__Ishmael Morgan__
(Printed name of plaintiff *pro se*)

__3738 chateauguay drive__
(street address)

__Decatur, GA, 30034__
(City, State, and zip code)

__Ishmael.morgan81@gmail.com__
(email address)

__323-896-2322__
(telephone number)

Page 9 of 9

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | 410-2022-04239 |

and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Ishmael Morgan | (323) 898-2322 | 1981 |

Street Address

3738 Chateauguay Drive

DECATUR, GA 30034

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| E. W. Scripps Company | 15 - 100 Employees | |

Street Address

3500 PIEDMONT RD NE

ATLANTA, GA 30305

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address                                       City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest: 10/15/2021      Latest: 12/03/2021 |
| Retaliation, Religion | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. I was hired on or about April 15, 2015, as a Promotion Producer. On or about September 16, 2021, I requested an exemption from the company's mandate to take the COVID-19 vaccination as a religious accommodation. On or about October 15, 2021, I was denied a religious accommodation. I was discharged from employment effective December 3, 2021. II. I received a separation notice on November 30, 2021, which states that I was discharged for failure to adhere to the company's COVID-19 vaccination requirement. III. I believe that I have been discriminated against due to my religion (Muslim) and in retaliation for participating in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Ishmael Morgan** 04/28/2022 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| *Charging Party Signature* | |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## CONCILIATION FAILURE AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

**To:** Ishmael Morgan
3738 Chateauguay Drive
Decatur, GA 30034

Charge No: 410-2022-04239

EEOC Representative and email:   Briggette Woodard
Investigator
briggette.woodard@eeoc.gov

### CONCILIATION FAILURE OF CHARGE

To the person aggrieved: This notice concludes the EEOC s processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 410-2022-04239.

On behalf of the Commission:

I. Daniel-Edward Anance
Digitally signed by I. Daniel-Edward Anance
Date: 2024.07.22 10:42:04 -04'00'

*Arikotakani D-Anance   For*
Darrell E. Graham
District Director

Cc:
Joyce Ackerbaum Cox
Baker Hostetler
200 South Orange Avenue | Suite 2300
Orlando, FL 32801

Heather Muzumdar
The E.W. Scripps Company
312 Walnut St Ste 2800
Cincinnati, OH 45202


Please retain this notice for your records.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Atlanta District Office**

100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Atlanta Direct Dial: (470) 531-4760
FAX (404) 562-6909/6910
Website: www.eeoc.gov

EEOC Charge No.: 410-2022-04239

Ishmael Morgan                                    Charging Party
3738 Chateauguay Drive
Decatur, GA 30034

E.W. Scripps Company                              Respondents
ION Media Networks d/b/a Katz Networks
312 Walnut St., Suite 2800
Cincinnati, OH 45202

## DETERMINATION

I issue the following determination on the merits of this charge.

Respondents are employers within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (Title VII). Timeliness and all other jurisdictional requirements for coverage have been met.

Charging Party alleges that he was denied a religious accommodation and terminated based on his religion, in violation of Title VII. He further alleges that Respondents retaliated against him after he engaged in protected activity by terminating his employment, also in violation of Title VII.

Respondents deny the allegations.

Charging Party was employed by Respondents as a Promotion Producer at their Atlanta location. On or about September 16, 2021, Charging Party, who is Muslim, requested a religious accommodation to be exempt from the companies' COVID-19 vaccination requirement. The evidence revealed that Charging Party had a sincere and bona fide religious belief that prevented him from being vaccinated pursuant to Respondents' policy. However, Respondents denied Charging Party's request for a religious accommodation on or about October 13, 2021, and informed him that he could either get the vaccine or be terminated. On or about November 30, 2021, approximately six weeks after his accommodation request was denied by Respondents, Charging Party received a separation notice which stated that he was terminated for failure to adhere to the company's COVID-19 vaccination requirement. The evidence revealed that similarly situated employees outside of Charging Party's protected group were granted religious accommodations to the COVID-19 vaccination requirement while Charging Party and other employees who were similarly situated and within Charging Party's protected group were denied religious accommodations and terminated. Moreover, Respondents failed to provide sufficient evidence that accommodating Charging Party would have presented an undue hardship. Respondents' proffered legitimate, non-discriminatory reasons for terminating Charging Party do

Letter of Determination
EEOC Charge Number 410-2022-04239
Page 2

not withstand scrutiny and are pretext for unlawful discrimination.

Based upon the evidence and the record as a whole, there is reasonable cause to conclude that Charging Party and a class of employees were denied reasonable accommodations and terminated because of their religion in violation of Title VII. There is also reasonable cause to conclude that Charging Party was discharged by Respondents in retaliation for engaging in protected activity, also in violation of Title VII.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation (i.e., settlement). Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. If you wish to participate in conciliation, please email Investigator Briggette Woodard, at Briggette.Woodard@eeoc.gov within 10 days from the date of this LOD. When Respondent declines to enter into conciliation discussions, or when the Commission's representative for any reason is unable to secure a settlement acceptable to the Commission, the Commission shall so inform the parties in writing and advise them of the court enforcement alternative available to the Charging Party, aggrieved persons, and the Commission. The confidentiality provisions of the statute and Commission Regulations apply to information discussed or given during conciliation.

You are hereby reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in the Commission's investigation is also prohibited. The protections apply regardless of the Commission's determination on merits of the charge.

On Behalf of the Commission:

September 20, 2023
Date

Darrell E. Graham
Director
Atlanta District Office