**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ISHMAEL MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>E.W. SCRIPPS COMPANY AND ION MEDIA NETWORKS D/B/A KATZ NETWORKS,<br><br>Defendants. | : | Civil Action No.<br>1:24-CV-4569-LMM-LTW |

**DEFENDANTS' MOTION TO DISMISS IN PART PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT**

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), Defendants E.W. Scripps Company ("Scripps") and ION Media Networks d/b/a Katz Networks[1] (collectively, "Defendants") move to dismiss any purported claim of race or color discrimination and Scripps as a defendant from this action.

Plaintiff's Complaint purports to bring claims of discrimination arising out of the termination of his employment. While not entirely clear if Plaintiff does in fact seek to pursue claims of race and color discrimination, because the Court is charged to liberally construe Plaintiff's Complaint, Defendants move to dismiss any such

[1] While Plaintiff identifies "ION Media Network d/b/a Katz Network" as a Defendant in this action, the correct legal entity is ION Media Networks, Inc. d/b/a Katz Networks ("Katz Networks"). (Doc. 3, p. 3 ¶ 4).

claims because (1) to the extent such claims are brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), Plaintiff failed to submit said claims to mandatory exhaustion prior to filing suit, and (2) Plaintiff fails to set forth any factual basis upon which such claims could be based. Furthermore, Scripps was not Plaintiff's employer, and thus, not a proper defendant in this case. Accordingly, Defendants respectfully request the Court dismiss any purported claim for race or color discrimination and dismiss Scripps from this action.

## PLAINTIFF'S FACTUAL ALLEGATIONS

Scripps is the parent company of Katz Networks. (Doc. 3, p. ¶ 14). Plaintiff alleges that, on or about September 16, 2021, Scripps implemented a COVID-19 vaccination policy. (*Id.*). Plaintiff alleges he requested a "religious accommodation" to be exempt from the COVID-19 vaccination policy because he is Muslim, but his exemption was denied. (*Id.*).

On December 1, 2021, Plaintiff's employment was terminated. (*Id.*). Plaintiff alleges that as part of his termination, he was not offered a severance, but that employees who requested a similar accommodation were allowed to remain employed and were granted full severance upon termination. (*Id.*).

## ARGUMENT AND CITATION TO AUTHORITY

### I. Plaintiff Failed To Administratively Exhaust Any Title VII Claim Based Upon Race or Color.[2]

In his lawsuit, Plaintiff indicates he was discriminated against under Title VII based on "race or color, which is Black" and "religion, which is Muslim." Doc. 3, p. 1, ¶1; p. 6, ¶13. Plaintiff, however, never submitted any purported race or color claim to the EEOC, mandating dismissal of any such claims.

No action alleging a Title VII violation may be brought unless the alleged conduct has been made the subject of a timely charge of discrimination before the EEOC. *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000) (citing 42 U.S.C. § 2000e–5). Administrative exhaustion constitutes a mandatory "prerequisite to filing a Title VII action." *Peppers v. Cobb Cty, Ga.*, 835 F.3d 1289, 1296 (11th Cir. 2016); *see also Fort Bend Cty. Tex. v. Davis*, 587 U.S. 541, 551 (2019). Judicial claims are only permissible if they "amplify, clarify, or more clearly focus" claims asserted within the charge. *Gregory v. Ga. Dep't of Hum. Rescs.*, 355 F.3d 1277, 1279-80 (11th Cir. 2004). In addition to fulfilling substantive exhaustion

---

[2] Race and color discrimination are not synonymous legal terms, however, due to the bare bones nature of the Complaint, it is unclear if Plaintiff seeks to assert these two different causes of action. *See* Doc. 3, p. 6, ¶ 13; *Paquin v. City of Atl.*, No. 1:21-cv-01073-ELR-RDC, 2021 WL 12172128 (N.D. Ga. Oct. 12, 2021), *adopted by* 2022 WL 22234726, at n. 2 (N.D. Ga. Mar. 28, 2022) (noting "'[r]ace' and 'color' are not synonymous under [Title VII]"). To the extent Plaintiff seeks to pursue two different causes of action in addition to his claims of religious discrimination, both fail for the same reasons set forth herein.

requirements, claims must be timely submitted to the EEOC within 180 days of each discrete discriminatory act. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 102 (2002); 42 U.S.C. § 2000e-5(e)(1). Claims presented after the 180-day period lapses are untimely and cannot form the basis of a subsequent lawsuit. *Alexander*, 207 F.3d at 1332; *Hargrove v. River Edge Behav. Health Ctr.*, No. 5:07-CV-407 (CAR), 2008 WL 5272819, *3 (M.D. Ga. Dec. 18, 2008). When determining whether a plaintiff has properly exhausted his administrative remedies, the Court may consider evidence outside the pleadings, such as the filed charge, on a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).

On April 28, 2022, Plaintiff filed a Charge of Discrimination (the "Charge") with the EEOC. (Doc. 3, p. 10). The Charge lack any mention of race and/or color. (*Id.*). Instead, Plaintiff's Charge alleges only that Plaintiff requested, and was denied, a *religious* accommodation. (*Id.*). Plaintiff specifically alleged he believed he was "discriminated against due to [his] religion (Muslim) and in retaliation for participating in a protected activity, in violation of [Title VII]." (*Id.*).

Furthermore, in identifying the basis of his Charge within the "Discrimination Based On" box, Plaintiff only stated "Retaliation, Religion." (*Id.*). While "checking the correct box alone is not sufficient to satisfy the filing requirement when no factual particulars relating to the claim are disclosed to the EEOC," such further demonstrates Plaintiff's failure to present any race and/or color claim before the

EEOC. *Houston v. Army Fleet Servs., L.L.C.*, 509 F. Supp. 2d 1033, 1042–43 (M.D. Ala. 2007); *see also Sanchez v. Std. Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970) ("The selection of the type of discrimination alleged, i.e., the selection of which box to check, is in reality nothing more than the attachment of a legal conclusion to the facts alleged.").[3] Thus, Plaintiff's entire Charge relates to only alleged misconduct regarding his religious accommodation – *not* his race or color.

Moreover, because Plaintiff filed his Charge on April 28, 2022, any alleged act that occurred before October 30, 2022 (180 days prior) is time barred. *See* 42 U.S.C. § 2000e-5(e)(1). Here, this includes all alleged discriminatory acts with the sole exception of Plaintiff's termination. (*See* Doc. 3, p. 10).

Accordingly, Plaintiff's failure to exhaust his administrative remedies by failing to timely submit such claims to the EEOC mandates that this Court dismiss with prejudice any claim of race or color discrimination. *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1225 (11th Cir. 2000); *Sanchez*, 431 F.2d at 463.

## II. **Plaintiff Fails To State A Claim For Relief Based On Race/Color Or Against Scripps.**

Rule 8(a)(2) of the FEDERAL RULES OF CIVIL PROCEDURE provides that a complaint need only contain "a short and plain statement of the claim showing that

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Accordingly, to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when it alleges facts that permit a court to reasonably infer that misconduct occurred. *Id*.

While *pro se* pleadings are to be "liberally construed," a court is not required to accept as true a *pro se* plaintiff's legal conclusions. *Hopkins v. Saint Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565, 566 (11th Cir. 2010). *Pro se* parties are not excused from compliance with the threshold requirements of the FEDERAL RULES OF CIVIL PROCEDURE. *Id.* at 565. Thus, in order to state a claim for relief, a *pro se* plaintiff, just like any other plaintiff, must plead more than "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Roberts v. Pirelli Tire*, No. 4:19-CV-00129-LMM-WEJ, 2020 WL 13850721 (N.D. Ga. Jan. 13, 2020), *adopted by* 2020 WL 13850722 (N.D. Ga. Feb. 7, 2020) (noting that even in evaluating *pro se* complaint, complaint must have more than "labels and conclusions").

**A. Plaintiff Fails to State a Claim of Race or Color Discrimination**

Any purported claim for race or color discrimination is subject to dismissal because the Complaint fails to state any facts that any adverse action was taken

against Plaintiff as a result of his race or color.

While at the pleading stage a plaintiff is not required to satisfy the entire *McDonnell Douglas* burden shifting framework to state a claim of race or color discrimination, the "ordinary rules for assessing the sufficiency of a complaint [still] apply." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). Thus, a plaintiff asserting race or color discrimination must make some demonstration that he (1) is a member of a protected class, (2) was qualified for the position, (3) suffered an adverse employment action, and (4) was treated less favorably than similarly situated individuals outside of his protected class. *Rodemaker v. Shumphard*, 859 F. App'x 450, 451-52 (11th Cir. 2021). Here, Plaintiff fails to allege any factual basis for which any race or color discrimination could have plausibly occurred. (*See* Doc. 3, *passim*).

First, Plaintiff fails to sufficiently identify any non-black individual or individual outside of his race that was treated more favorably than he was, defeating an essential element of any race or color discrimination claim. Specifically, a plaintiff must point to an individual that (1) engaged in the same basic conduct or misconduct, (2) was subjected to the same employment policy, guidelines, or rules, (3) was under the same supervisor, and (4) shared the plaintiff's employment or disciplinary history. *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1227 (11th Cir. 2019). Here, Plaintiff provides only a single conclusory statement that he was

"discriminated against because of [ ]: my race or color, which is Black." (Doc. 3, p. 6, ¶ 13). Plaintiff wholly fails to identify any similarly situated individual outside of his color or race who was treated more favorably than he was. (*Id.*, *passim*).

Second, Plaintiff fails to allege any facts upon which an inference could be drawn that any adverse action was taken against him because of his race or color. Plaintiff never once supports his conclusory allegation of race or color discrimination with any factual allegations or description of how race or color played any role in any adverse action. (*See* Doc. 3, *passim*); *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 396 (11th Cir. 2012) (finding district court did not err when plaintiff alleged no facts showing race played any role in alleged disparate treatment). Ultimately, Plaintiff must do more than he does here in relying on a single conclusory check-of-the-box that he is a member of a protected class and that he was subject to an adverse employment action. *Hopkins*, 399 F. App'x at 566 (affirming dismissal of *pro se* allegation of discrimination when plaintiff failed to provide "sufficient factual matter" for court to infer employer treated those outside plaintiff's protected class more favorably); *Zielinski v. Camp Run-A-Mutt Entrepreneurial Rscs. Inc.*, No. 1:20-cv-194-TCB, 2021 WL 4816613, *5 (N.D. Ga. Feb. 1, 2021) ("At best, she alleges only that she is a member of certain protected classes and that she suffered an adverse employment action. This is not enough."). Thus, the Court should dismiss any claim of race or color discrimination.

**B. Scripps Should Be Dismissed Because It Did Not Employ Plaintiff.**

Scripps did not employ Plaintiff; Katz Networks employed Plaintiff. Because Plaintiff has failed to allege sufficient facts other than a conclusory allegation that Scripps was his "former company," Scripps should be dismissed.

Claims under Title VII may only be brought by an employee against his employer. *Peppers*, 835 F.3d at 1297. The mere existence of a parent-subsidiary relationship is not enough to impose liability on the parent. *Howard v. MHT USA LLC*, No. 1:21-CV-4570-CAP, 2022 WL 2389277, *9 (N.D. Ga. May 2, 2022), *adopted by* 2022 WL 18777356 (N.D. Ga. May 18, 2022). As a general rule, a parent company is a separate entity from its wholly owned subsidiary unless the parent company exercises control over the subsidiary such that the two entities are essential the same. *Id.* To demonstrate two entities are interrelated sufficient to survive a motion to dismiss, there must be sufficient factual allegations to raise a reasonable inference that the evidence will reveal employer aggregation is appropriate. *Alvarez v. Bechtel Corp.*, No. CV421-087, 2022 WL 660177, *6 (S.D. Ga. Mar. 4, 2022).

Plaintiff does not allege a plausible basis upon which Defendants operated as one or provide any information regarding Defendants' potential interrelation other than conclusory allegations that Scripps is the parent to Katz Networks and that Scripps implemented a COVID-19 vaccination policy that resulted in his termination. (Doc. 3, p. 7, ¶ 14). To establish multiple entities are liable for his

alleged harm he must do more. *Bailey v. RV Behavioral, LLC*, No. 1:23-cv-04694-SEG-RDC, 2024 WL 5696572, *6 (N.D. Ga. June 20, 2024), *adopted by* 2024 WL 5696984 (N.D. Ga. Sept. 25, 2024); *Alvarez*, 2022 WL 660177, at *6.

Accordingly, the Court should dismiss Scripps with prejudice, and the case should proceed only against Katz Networks, who was Plaintiff's employer.

## III. CONCLUSION

WHEREFORE, Defendants respectfully request the Court dismiss Plaintiff's claims of race and color discrimination, and dismiss E.W. Scripps Company with prejudice.

Respectfully submitted this 14th day of July, 2025.

**BAKER & HOSTETLER LLP**

*/s/ Hillary L. Freesmeier*
Hillary L. Freesmeier (Bar No. 202626)
hfreesmeier@bakerlaw.com
1170 Peachtree Street NW
Suite 2400
Atlanta, Georgia 30309

Joyce Ackerbaum Cox (Florida Bar No. 0090451)
jacox@bakerlaw.com
200 South Orange Avenue
Orlando, Florida 32801
**Admitted Pro Hac Vice*

*Attorneys for Defendants E.W. Scripps Company and ION Media Networks, Inc. d/b/a Katz Networks*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, undersigned counsel certifies that the foregoing "Motion to Dismiss In Part" has been prepared in Times New Roman 14 point, one of the four font and point selections approved by the Court in Local Rule 5.1B.

This 14th day of July, 2025.

*/s/ Hillary L. Freesmeier*
Hillary L. Freesmeier
Georgia Bar No. 202626

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ISHMAEL MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>E.W. SCRIPPS COMPANY AND ION MEDIA NETWORKS D/B/A KATZ NETWORKS,<br><br>Defendants. | : | Civil Action No.<br>1:24-CV-4569-LMM-LTW |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **Motion to Dismiss In Part** has been mailed and e-mailed to the Plaintiff on the date below at the following address of record:

Ishmael Morgan
3738 Chateauguary Drive
Decatur, Georgia 30034
Ishmael.morgan81@gmail.com

This 14th day of July, 2025.

*/s/ Hillary L. Freesmeier*
Hillary L. Freesmeier
Georgia Bar No. 202626