**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ISHMAEL MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>E.W. SCRIPPS COMPANY, AND ION MEDIA NETWORKS D/B/A KATZ NETWORKS,<br><br>Defendants. | : | Civil Action No.<br>1:24-CV-4569-LMM-LTW |

**DEFENDANTS' MOTION TO STAY DISCOVERY**

Defendants E.W. Scripps Company and ION Media Networks d/b/a Katz Networks[1] ("Defendants") respectfully move this Court for an Order staying discovery pending the outcome of Defendants' Motion to Dismiss In Part filed contemporaneously herewith. If Defendants' Motion to Dismiss In Part is granted, the issues for discovery will be narrowed, thereby conserving the Parties' time and resources, as well as potentially the Court's time and resources in potential discovery disputes related to dismissed claims. Accordingly, the Court should exercise its discretion and stay all discovery.

---

[1] While Plaintiff identifies "ION Media Network d/b/a Katz Network" as a Defendant in this action, the correct legal entity is ION Media Networks, Inc. d/b/a Katz Networks. (Doc. 3, p. 3 ¶ 4).

## PROCEDURAL HISTORY

On October 28, 2024, Plaintiff filed *Pro Se* Employment Discrimination Complaint Form (the "Complaint") purporting to assert one claim of race/color discrimination and one count of religious discrimination, all in violation of Title VII of the Civil Rights of 1964 ("Title VII"). (Doc. 3).

In response to Plaintiff's Complaint and contemporaneously with this Motion to Stay Discovery, Defendants filed a Motion to Dismiss In Part seeking dismissal of any purported claim of race or color discrimination because Plaintiff failed to satisfy the mandatory perquisites to administratively exhaust these purported Title VII claims. Defendants further seek dismissal of Defendant E.W. Scripps Company because it was neither Plaintiff's employer nor a joint employer, and therefore, is an improper defendant with respect to Plaintiff's employment claims.

Defendants seek a stay of all discovery and post-responsive pleading obligations under N.D. GA. Local Rule 26.1 pending the Court's ruling on Defendants' Motion to Dismiss In Part.

## ARGUMENT AND CITATION OF AUTHORITY

Rule 26(d) of the FEDERAL RULES OF CIVIL PROCEDURE permits the Court to exercise broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in the interests of justice." FED. R. CIV. P. 26(d); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (affirming that court

has "broad discretion to stay discovery until the district court rules on a pending dispositive motion"). "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should … be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

Here, a stay will ensure that unnecessary costs to both the Parties and Court are avoided. Defendants filed a Motion to Dismiss In Part seeking dismissal of Plaintiff's purported claims for race and/or color discrimination. If Defendants' Motion to Dismiss In Part is granted, the scope of discovery will be significantly limited making all discovery efforts on such claims unnecessary. As a practical matter, there is no need for the Parties to expend their own, and potentially this Court's, resources to determine the proper scope of discovery and to engage in discovery efforts when resolution of Defendants' pending Motion to Dismiss will definitively resolve these issues or streamline the discovery process. Discovery should be delayed where, as here, a pending motion could eliminate or reduce the need for unnecessary discovery. *See Horsley v. Feldt*, 304 F.3d 1125, 1131 n. 2 (11th Cir. 2002) (explaining that district court has discretion to suspend pretrial requirements pending ruling on facial challenges to sufficiency of complaint); *Crutcher v. CitiMortgage, Inc.*, No. 1:11-CV-02699-JOF-GGB, 2011 WL 13221066, at *2 (N.D. Ga. Oct. 17, 2011) ("Because claims and parties may be

removed from the case as a result of the pending motions to dismiss, the Court finds that discovery should be delayed until those motions are ruled upon.”).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court exercise its discretion and stay all discovery and post-responsive pleading deadlines until a ruling on Defendants’ Motion to Dismiss In Part has been issued.

Respectfully submitted this 14th day of July, 2025.

**BAKER & HOSTETLER LLP**

*/s/ Hillary L. Freesmeier*
Hillary L. Freesmeier (Bar No. 202626)
hfreesmeier@bakerlaw.com
1170 Peachtree Street NW
Suite 2400
Atlanta, Georgia 30309

Joyce Ackerbaum Cox (Florida Bar No. 0090451)
jacox@bakerlaw.com
200 South Orange Avenue
Orlando, Florida 32801
**Admitted Pro Hac Vice*

*Attorneys for Defendants E.W. Scripps Company and ION Media Networks, Inc. d/b/a Katz Networks*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, undersigned counsel certifies that the foregoing "Defendants' Motion to Stay Discovery" has been prepared in Times New Roman 14 point, one of the four font and point selections approved by the Court in Local Rule 5.1B.

This 14th day of July, 2025.

*/s/ Hillary L. Freesmeier*
Hillary L. Freesmeier
Georgia Bar No. 202626

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ISHMAEL MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>E.W. SCRIPPS COMPANY, AND ION MEDIA NETWORKS D/B/A KATZ NETWORKS,<br><br>Defendants. | : | Civil Action No.<br>1:24-CV-4569-LMM-LTW |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **Motion to Stay Discovery** and **Proposed Order** has been mailed and e-mailed to the Plaintiff on the date below at the following address of record:

Ishmael Morgan
3738 Chateauguary Drive
Decatur, Georgia 30034
Ishmael.morgan81@gmail.com

This 14th day of July, 2025.

*/s/ Hillary L. Freesmeier*
Hillary L. Freesmeier
Georgia Bar No. 202626

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ISHMAEL MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>E.W. SCRIPPS COMPANY, AND ION MEDIA NETWORKS D/B/A KATZ NETWORKS,<br><br>Defendants. | : | Civil Action No.<br>1:24-CV-4569-LMM-LTW |

**[PROPOSED] ORDER**

Presently before the Court is Defendants' Motion to Stay Discovery. For good cause shown, Defendants' Motion is **GRANTED**. Discovery shall be stayed in this matter pending the Court's final ruling on Defendants' Motion to Dismiss In Part.

Following the Court's final ruling on Defendants' Motion to Dismiss In Part, all deadlines shall be reinstated as follows: (1) discovery shall begin thirty (30) days thereafter, (2) any FED. R. CIV. P. 26(f) or N.D. GA. Local Rule 16.1 conference obligation shall occur within sixteen (16) days thereafter, and (3) the parties' initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) and N.D. GA. Local Rule 26.1 and Joint Preliminary Report and Discovery Plan pursuant to N.D. GA. Local Rule 16.2 shall be due thirty (30) days thereafter.

IT IS SO ORDERED, this ________day of July, 2025.

______________________________
Linda T. Walker
United States Magistrate Judge